UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NATIONAL LABOR RELATIONS　　　　　　MISC. NO.   07-03
BOARD

versus

BEAIRD COMPANY, LTD. ET AL.　　　　　MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

     This is an administrative subpoena enforcement action filed by the NLRB against Beaird Company, Ltd. and others ("Respondents").  The NLRB seeks an order requiring Respondents to obey investigative subpoenas duces tecum and subpoenas ad testificandum issued in connection with the NLRB's investigation of alleged unfair labor practices.  More specifically, the NLRB is investigating allegations by a local labor union that: (1) in August 2005, the Beaird Company transferred or subcontracted certain *production work* (referred to by Respondents as machine shop work) to Burney Industries or an affiliated entity to avoid its bargaining obligation with the Union; and (2) in November 2005, the Beaird Company transferred or subcontracted certain *maintenance work* (referred to by Respondents as removal work) to avoid its bargaining obligation with the Union.  The subpoenas seek information pertaining to these charges, as well as additional information regarding (1) the organizational structures of the named employers and (2) Beaird Industries' installation or removal of machinery since March 1, 1999.

Respondents provided some documentation in response to certain portions of the subpoenas, but they objected to other portions on the basis that the allegations regarding the transfer of production work are untimely. According to Respondents, the charge was filed by the Union on March 3, 2006 and amended on April 6, 2006, and the charge pertains to production work that began in August 2005. Respondents note that 29 U.S.C. § 160(b) requires the charge to be filed within six months of the alleged occurrence. Respondents argue that the Union had notice of the alleged violations in August 2005. Thus, Respondents argue, the charge is untimely on its face, and the information sought in the subpoenas is not relevant to a valid investigation.

**Analysis**

When called upon to enforce an administrative subpoena, a court's role is limited to evaluating whether (1) the subpoena was issued for a lawful purpose within the statutory authority of the issuing agency; (2) the documents requested are relevant to that purpose; and (3) the subpoena demand is reasonable and not unduly burdensome. Winters Ranch Partnership v. Viadero, 123 F.3d 327, 329 (5th Cir. 1997). Indeed, the NLRB is empowered to "get information from those who best can give it and those who are most interested in not doing so." United States v. Morton Salt Co., 338 U.S. 632, 642 (1950). This includes subpoenas to any person (even a non-party to a complaint) who may have information relevant to an investigation. Link v. NLRB, 330 F.2d 437, 440 (4th Cir. 1964).

There is no doubt that the subpoenas at issue here were properly issued to Respondents for a lawful purpose and within the statutory authority of the NLRB. See 29 U.S.C. § 161 (Investigatory Powers of Board). The dispute in this proceeding – and the primary issue briefed by the parties – is whether Respondents may avoid compliance with the NLRB's subpoenas based on Respondents' contentions that the Union's underlying charge is time-barred on its face. Neither side provided the court with any authority on this point, despite the fact that several courts have addressed the issue. See, e.g., Hamilton v. NLRB, 177 F.2d 676 (9th Cir. 1949)(the timeliness of an unfair labor practice charge cannot be raised during an administrative subpoena enforcement action); Cudahy Packing Co. v. NLRB, 117 F.2d 692, 694 (10th Cir. 1941)(a party in an administrative subpoena enforcement action may not assert its defenses in the principal case); NLRB v. Frederick Cowan, 522 F.2d 26, 28 (2nd Cir. 1975)(no defense relating to the administrative proceedings can be raised during an administrative subpoena enforcement action); NLRB v. Dutch Boy, 606 F.2d 929, 933 (10th Cir. 1979)(parties opposing the Board may not interpose defenses to the merits of the underlying unfair labor practice charge in subpoena enforcement actions); NLRB v. Rabine & Sons, 2001 WL 1772333 (N.D. Ill. 2001)("Questions as to the legal sufficiency of the defenses raised ... in the proceedings below are not relevant to the Court's decision to enforce the administrative subpoena in question."). Instead, the parties argue about when and how the Union received notice of the alleged violations and whether knowledge of rank and file employees can be attributed to the Union. As the decisions cited

above demonstrate, this court need not and should not resolve the timeliness issue in this subpoena enforcement action. The alleged untimeliness does not render the subpoenas invalid or the information pertaining to that charge irrelevant. This conclusion seems especially appropriate where, as here, the NLRB has not yet filed a complaint against any of the Respondents. NLRB Application (Doc. 1-1), ¶ 6; NLRB Reply Brief (Doc. 5), p.6, fn. 14. Instead, the NLRB is simply investigating whether an unfair labor practice has been committed.

Aside from their timeliness arguments, Respondents do not argue that the information requested is otherwise irrelevant to the production work charge or that it would be unduly burdensome to produce. Respondents do make a brief, conclusory argument regarding the requests for their organizational structure and relationship, as well as the request for information regarding removal work dating back to March 1, 1999. See Doc. 1-4, Items 16-24, 26. The court has reviewed these requests and finds the requests are relevant and that the production of these records/information would not be unduly burdensome.

**Conclusion**

The documentation submitted by the NLRB with its Application shows the subpoenas were issued for a lawful purpose within the NLRB's statutory authority under 29 U.S.C. § 161(1); the documents requested are relevant to that purpose; and the subpoena demands are reasonable and are not unduly burdensome. Respondents' Defenses to the merits of an administrative charge may not be raised to block enforcement of the administrative

subpoenas. Thus, Respondents' allegation that the underlying charge is time-barred on its face is not a basis to avoid compliance with the subpoenas.

Accordingly;

**IT IS RECOMMENDED** that the NLRB's application (Doc. 1) be **granted** and that an appropriate order issue requiring compliance with the subpoenas and awarding the NLRB reasonable attorney fees and costs associated with this subpoena enforcement action.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a **paper courtesy copy** of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 21st day of February, 2007.

                                                   MARK L. HORNSBY
                                          UNITED STATES MAGISTRATE JUDGE